**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

TAOS NM SENIOR LIVING, LLC,

      Plaintiff,

      v.                         No. 1:18-cv-904-WJ-KBM

R. HORACIO TRUJILLO,
BY THE PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE,
BARRY GREEN, ESQ.,

      Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS UNDER RULE 12(b)(1), (6), (7) and
ORDER FOR PARTIES TO COMPLETE BRIEFING ON PLAINTIFF'S MOTION
TO COMPEL ARBITRATION (Doc. 6)**

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Under Rule 12(b)(1), (6), (7) (**Doc. 8**) and Plaintiff's response (Doc. 14). Having reviewed the parties' pleadings and the applicable law, Defendant's Motion is not well-taken, and is, therefore, **DENIED**. As described herein, Defendant is **ORDERED** to file a response brief to Plaintiff's Motion to Compel Arbitration (Doc. 6) **WITHIN FOURTEEN (14) DAYS** of the filing of this Order, and Plaintiff is **ORDERED** to file a reply brief **WITHIN FOURTEEN (14) DAYS** of the filing of Defendant's response. Plaintiff's currently filed reply brief (Doc. 17) shall be stricken without prejudice so that Plaintiff may file a new reply brief accordingly.

## BACKGROUND

### I.    Factual Background

This case stems from a wrongful death lawsuit in the First Judicial District Court, Santa Fe County, New Mexico, involving the death of R. Horacio Trujillo. *See* Doc. 5-6 (first amended state

court complaint) (hereinafter referencing "State Court Action"). From approximately June 26, 2015 to July 10, 2015, Mr. R. Horacio Trujillo ("Mr. Trujillo") resided at Taos Retirement Village, which is a nursing facility located in Taos, New Mexico. Mr. Trujillo passed away on October 17, 2016, allegedly due to injuries related to his care and treatment at Taos Retirement Village. Plaintiff Taos NM Senior Living, LLC ("Plaintiff"), who is also one of several defendants in the State Court Action, operated Taos Retirement Village.[1] Plaintiff is an Oregon limited liability company with its principal place of business in Salem, Oregon. Mr. Barry Green, Esq., was appointed as the personal representative to Mr. Trujillo's estate pursuant to the New Mexico Wrongful Death Act. Doc. 5-5.

On July 3, 2018, Defendant filed the First Amended State Court Complaint ("State Court Action") in the First Judicial District for claims of wrongful death, negligence, joint and several liability, and punitive damages, against several defendants, including Taos NM Senior Living, LLC. Doc. 5-6. On September 25, 2018, Taos Senior Living, LLC, filed in the District of New Mexico the federal Complaint to Compel Arbitration, pursuant to the Federal Arbitration Act (hereinafter "FAA"), against the estate of Mr. Trujillo. Doc. 1. On the same day in state court, Taos NM Senior Living, LLC, along with several other state court defendants, filed the Motion for Protective Order and Motion to Stay Proceedings Pending Resolution of Federal Action to Compel Arbitration or in the Alternative Motion to Compel Arbitration. Doc. 8-2. On October 10, 2018, Taos NM Senior Living, LLC, filed in federal court the Amended Complaint to Compel Arbitration. Doc. 5. On October 15, 2018, Plaintiff filed a motion to compel arbitration of all claims raised in the State Court Action pursuant to the FAA. Doc. 6, Plaintiff's Motion to Compel

---

[1]     In the State Court Complaint (see Doc. 5-6). Plaintiff is named as "Taos NM Senior Living, LLC d/b/a Taos Retirement Village and Taos Retirement Village Assisted Living." Doc. 5-6 at 1. Plaintiff admits to operating Taos Retirement Village (Doc. 5, ¶ 1) and Defendant agrees (Doc. 7, ¶ 1).

Arbitration. Of the several defendants named in the State Court Action, Plaintiff Taos NM Senior Living, LLC, is the only one named in this action in federal court. On October 19, 2018, Defendant filed its Answer to Plaintiff's Complaint to Compel Arbitration Subject to Motion to Dismiss (Doc. 7) and Defendant also filed a Motion to Dismiss Plaintiff's Complaint to Compel Arbitration under Federal Rule of Civil Procedure 12(b)(1), (6), and (7) (Doc. 8). Plaintiff filed its response brief to Defendant's Motion to Dismiss on November 2, 2018. Doc. 14. Defendant also filed the Motion to Strike Plaintiff's Motion to Compel Arbitration on February 25, 2019 (Doc. 21) and Plaintiff filed its response brief on March 11, 2019 (Doc. 23).

## II.     The Medical Center Agreement

On July 2, 2015, Mr. Trujillo signed the "Medical Center Agreement" (hereinafter "MCA") which Plaintiff attached to its Amended Complaint to Compel Arbitration (Doc. 5-4). The first page of the MCA states:

> This is a Nursing Facility Admission Agreement for the Taos Retirement Village. Please read the Agreement carefully before you sign it. If you do not understand any provision of this Agreement, you should not sign the Agreement until you obtain clarification. You are encouraged to have this Agreement reviewed by your legal representative or by any other advisor you may have before you sign this agreement.

Doc. 5-4 at 1. On page 12, under the section labeled "N. Alternative Dispute Resolution" is the following language, completely and verbatim:

> **The parties hereto agree to resolve any disputes or claims they may have arising out of or related to this Admission Agreement and or the care provided to the resident pursuant to this Admission Agreement first through Mediation and thereafter if needed through Binding Arbitration. The parties specifically agree to waive their rights to a jury trial and to pursue this method of resolving any claims or disputes they may have with the other. The mediation and arbitration agreement between the parties is set forth and attached hereto as Appendix L and is incorporated into this Admission Agreement by this reference.**

**Mediation** is an informal method of resolving conflicts before a neutral individual who will hear the conflict and desired outcomes and make a *recommendation* as to a fair resolution. The Mediators *recommendation* is not binding and the parties may reject it.

**Arbitration** is a means to resolve disputes without a judge or jury and is binding on the parties. **The parties specifically waive their right to trial before a jury.** Arbitration is generally a quicker, more efficient, and less expensive means to resolve disputes. This agreement to Arbitrate includes claims for personal injury or property damage and applies to any and all disputes or legal claims for breach of contract, tort, breach of statutory duties, or based on any other legal theory, whether currently existing or arising in the future, other than any action to terminate this Agreement either by the resident or the community.

Doc. 5-4 at 12 (emphasis in bold, underline, italics, and enlarged font in original) (this provision hereinafter referenced as "ADR Provision"). Below the final line of the language above reads: "THE PARTIES HEREBY EXECUTE THIS RESIDENT ADMISSION AGREEMENT." This is followed by the illegible signature of "Representative of Nursing Facility" dated 7/2/15, the signature of "Resident" dated 7/2/15, and the signature of "Resident's Legal Representative" dated 7/2/15. Doc. 5-4 at 13. Appendix L, referenced in the ADR Provision language above, is not attached to any of the pleadings submitted to this Court.

On the final page of the MCA is the following language:

I acknowledge that I have been informed orally of my rights under Federal and New Mexico law as a nursing home Patient/Resident, and of all rules and regulations governing my conduct as a Patient/Resident of the Health Care Center and that I have received and read copies of the following documents:

. . . .

- **Arbitration Information**.

Doc. 5-4 at 14 (twelve bulleted items omitted and bold emphasis in original). "Arbitration Information" is the final item in the bulleted list, and it is the only item in bold. "Signature of

Patient" is signed and dated 7/2/15 and the line labeled "Signature of Fiduciary Party (legal representative)" is blank.

## III.    Issues

Defendant now raises four grounds that he claims require dismissal of Plaintiff's Complaint to Compel Arbitration:

1. Dismissal is required under Rule 12(b)(6) because there is not an enforceable agreement to arbitrate between the parties, and there is therefore no claim to compel arbitration under the FAA.
2. Plaintiff has waived its ability to enforce any arbitration agreement based on waiver by bad faith conduct.
3. Dismissal is required under Fed. R. Civ. P. 12(b)(1) and (7) because Plaintiff failed to join necessary and indispensable parties to this federal action pursuant to Fed. R. Civ. P. 19(a) and (b), and joining such parties would ruin this Court's diversity jurisdiction.
4. The Court should abstain from exercising jurisdiction under the *Colorado River* doctrine.

The Court addresses each in turn below to conclude that dismissal is not required.

## DISCUSSION

## I.    Plaintiff has Stated a Claim Under Rule 12(b)(6) to Survive Defendant's Motion to Dismiss for Failure to State a Claim

### A.    Standard for Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of a claim on the grounds that a Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court must determine whether the plaintiff has pleaded facts that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court does not give any presumption to a plaintiff's legal conclusions but does accept the factual allegations as true at this stage. *Id.* The court must "view these

allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

### B.     Standard to Compel Arbitration

The Federal Arbitration Act ("FAA") "provides a procedure for parties to compel arbitration . . . ." 9 U.S.C. § 4. Section 2 of the FAA places arbitration agreements on an equal footing with other contracts and requires courts to enforce them according to their terms. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010). While the FAA favors arbitration agreements, a legally enforceable contract is still a prerequisite for arbitration, and without such a contract, parties will not be forced to arbitrate. *See Howard v. Ferrellgas Partners, L.P.,* 748 F.3d 975, 977 (10th Cir. 2014). Once a court is satisfied that the parties entered an agreement to arbitrate, it must order the parties to proceed to arbitration in accordance with the agreement. 9 U.S.C. § 4.

### C.     The "Alternative Dispute Resolution" Provision in the Medical Center Agreement is Sufficient to Survive a Motion to Dismiss Under Rule 12(b)(6)

The parties agree that New Mexico state law on contract formation principles applies. *See* Doc. 8-1 at 4; Doc. 14 at 4. "Under New Mexico law, arbitration agreements are governed by well-established contract law principles." *Felts v. CLK Mgmt*, 2011-NMCA-062, ¶ 22, 149 N.M. 681, 690. A binding contract requires that there "be a meeting of the minds of the parties, and mutuality, and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon." *Trujillo v. Glen Falls Ins. Co.*, 1975-NMSC-046, ¶ 6, 88 N.M. 279, 281. Regarding the content of an enforceable contract, the Supreme Court of New Mexico has explained that "[a]lthough a written contract need not detail every term, essential terms must be expressly provided or necessarily implied by construction for a court to find the contract unambiguous on its face." *McNeill v. Rice Eng'g Operating, Inc.*, 2003-NMCA-078, ¶ 27, 133 N.M. 804, 812 (citing *C.R. Anthony*, 1991-NMSC-070, ¶ 10).

Defendant and Plaintiff both put forward arguments about the enforceability of the ADR Provision as an agreement to arbitrate—at this stage, however, the Court examines whether Plaintiff has pleaded sufficient facts, that when taken as true, survive Defendant's motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 678.[2] The parties agree that Appendix L to the MCA is not before the Court in these pleadings, and defense counsel asserts that he has not been provided with a copy of Appendix L. In arguing that Plaintiff has not stated a claim for an enforceable agreement to arbitrate, Defendant relies on the fact that Appendix L is referenced by and incorporated into the ADR Provision. Defendant argues that in the absence of Appendix L, "there quite simply is no evidence that an agreement to arbitrate exists, no demonstrable proof that a 'meeting of the minds' occurred as to the essential terms, and no manifestation of the parties' alleged intent to arbitrate their disputes." Doc. 8-1 at 6. Plaintiff counters that "[c]ontrary to Defendant's contention that the arbitration agreement is 'missing,' the agreement to arbitrate is clearly and unambiguously set forth in the Admission Agreement [MCA] itself at Page 12." Doc. 14 at 3–4. Plaintiff notes that 1) the absence of Appendix L does not render unenforceable the agreement of the parties to arbitrate and 2) Plaintiff is not relying on any documents outside of the Medical Center Agreement to demand arbitration. Doc. 14 at 4–5.

Construed under the proper pleading standards, the MCA contains adequate essential terms for the Court to conclude that Plaintiff has stated a claim that the parties had an agreement to arbitrate, to the extent that the lack of Appendix L is not fatal to Plaintiff's claim at this motion to dismiss stage. The parties to the MCA and ADR Provision are indicated by the signatures of a representative of Taos Retirement Village and Mr. Trujillo as the resident, which neither party disputes. The MCA also defines the parties on the first page of the MCA as being Taos Retirement

---

[2] This is distinguishable from the standard for enforceability of an arbitration agreement when the merits of a motion to compel arbitration are in front of the Court.

Village and the person signing as the resident.[3] The first line of the ADR Provision states: "The parties hereto agree to resolve any disputes or claims they may have arising out of or related to this Admission Agreement and or the care provided to the resident pursuant to this Admission Agreement first through Mediation and thereafter if needed through Binding Arbitration." Doc. 5-4 at 12 (emphasis added). The ADR Provision goes on to twice state, in enlarged font, that "[t]he parties specifically waive their rights to a jury trial[.]" (underline added here). The ADR Provision then gives colloquial definitions of mediation and arbitration and again distinguishes between the voluntary and mandatory aspects of the process. The final sentence states that this provision includes personal injury and tort actions presently or in the future, along with claims based on other legal theories.

Even in the absence of Appendix L, the existing essential terms are not rendered meaningless to the extent that Plaintiff's claim should be dismissed for failure to state a claim. Most notably, neither party is seeking to enforce the terms in Appendix L, so the Court is not confronted with the distinguishable situation of enforcing contract terms without any written evidence. Defendant states that there is "no guidance or an expression of the arbitration scheme to explain precisely how the parties are supposed to proceed with any alternative dispute resolution methods[,]" Doc. 8-1 at 6, but Defendant has neither argued nor cited case law about *why* an agreement to an arbitration scheme—and what he means by "arbitration scheme"—requires dismissal of Plaintiff's claim. Defendant's argument that the absence of Appendix L is fatal to Plaintiff's claim therefore fails at this stage.

---

[3]     As the federal plaintiff is the only state court defendant to be a party to the federal suit, the Court's ruling at this stage is limited to the parties presently in front of the Court. As Plaintiff is named as "Taos NM Senior Living, LLC d/b/a Taos Retirement Village and Taos Retirement Village Assisted Living," Doc. 8-2 at 1, in the state court complaint, and Plaintiff seeks to be bound to these agreements, the Court accepts this representation for this proceeding.

Accepting the remainder of Plaintiff's factual allegations as true (Doc. 5), Plaintiff has stated a claim sufficient to survive this motion to dismiss pursuant to Rule 12(b)(6).

## II.      The Court Will Not Convert this Motion to Summary Judgment for Consideration of Defendant's Estoppel Claim

Defendant contends that Plaintiff is legally barred from enforcing any agreement to arbitrate "as a result of Plaintiff's bad faith conduct and pursuant to the doctrine of waiver by estoppel," Doc. 8-1 at 6, because its intentionally leading misconduct about the availability of the records prejudiced Defendant's ability to investigate his claims. To support Defendant's position that Plaintiff "made numerous false representations" to defense counsel about the availability of Mr. Trujillo's records, Defendant submitted as an exhibit the authorization requests for Mr. Trujillo's records and email communications regarding those requests. Doc. 8-3. Plaintiff responds that the Court should not consider such extrinsic evidence on a motion to dismiss, but that if the Court is so inclined, it must convert Defendant's motion to dismiss to a motion for summary judgment. Plaintiff addresses the merits under that standard and asserts it has not waived its position on enforcing the arbitration agreement. Doc. 14 at 5–7.

Federal Rule of Civil Procedure 12(d) provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "A district court may consider documents (1) referenced in a complaint that are (2) central to a plaintiff's claims, and (3) indisputably authentic when resolving a motion to dismiss without converting the motion to one for summary judgment." *Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir. 2014) (explaining reasons to not convert to a motion to summary judgment). Notably, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably

authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

In this instance, if the Court were to consider Defendant's exhibits to his claim on estoppel, then the Court would be required to convert this motion to dismiss to a motion for summary judgment. These authorization requests and email communications are not integral to Plaintiff's complaint, nor are they referenced in the complaint, and it is not necessary for the Court to consider such exhibits to determine Plaintiff's complaint should be dismissed. The Court expressly declines to convert this motion to summary judgment or to consider the exhibits in Doc. 8-3. As the Tenth Circuit pointed out in *Thomas v. Kaven*, there are reasons that a court may decline to convert a motion to dismiss to a motion for summary judgment, including that the exhibits submitted "do not allow for a comprehensive review of the evidence." 765 F.3d at 1197. Here, the exhibits submitted by Defendant are not the kind the Court should entertain at the motion to dismiss stage when those exhibits are not integral to Plaintiff's complaint. *See, e.g.*, *Sexton v. Am. Nat'l Prop. & Cas. Co.*, No. 14-2384-EFM-JPO, 2015 U.S. Dist. LEXIS 97365, at *7 (D. Kan. July 27, 2015) (declining to consider extrinsic materials or convert to summary judgment on a motion to dismiss on a complaint with a demand for arbitration).

## III.     Remaining State Court Defendants are Not Required to be Joined Under Rule 19 and Dismissal is Not Required under Rule 12(b)(7)

Defendant's argument that the Court must dismiss this action pursuant to Rule 12(b)(7) hinges on his argument that the remaining state court defendants are required parties that cannot be joined under Rule 19. The jurisdictional requirement that the Court sit properly in diversity or else dismiss the action pursuant to Rule 12(b)(1) is also interwoven with the Rule 19 analysis of required joinder of parties. These standards are addressed in turn below.

## A.      Rule 12(b)(7) Standard for Dismissal

Federal Rule of Civil Procedure 12(b)(7) requires that a case be dismissed if there an absent party without whom complete relief cannot be granted, to the extent that the party must be joined under Federal Rule of Civil Procedure 19 but such joinder is not possible. "The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

## B.      Diversity Jurisdiction in Motions to Compel Arbitration under the FAA

As the Supreme Court of the United States has explained, the FAA

> creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise . . . . [T]here must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983) (citations omitted). In the absence of binding precedent, the Court relies on the Eighth Circuit's ruling that "diversity of citizenship is determined in these cases by the citizenship of the parties named in the proceedings before the district court, plus any indispensable parties who must be joined pursuant to Rule 19." *Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 491 (8th Cir. 2010) ("*Rutherford*") (rejecting the argument that the federal court should "look through" the federal pleadings to the jurisdiction of the state court parties when the court is sitting in diversity on a motion to compel arbitration under the FAA); *accord Jerry Erwin Assocs., Inc. v. Estate of Asher*, 290 F. Supp. 3d 1213, 1232 (D.N.M. 2017) (Browning, J.).

## C.      None of the Absent State Court Defendants Must be Joined Under Rule 19

"A traditional principle of diversity jurisdiction is that it cannot be defeated by a non-diverse joint tortfeasor who is not a party to the federal action, unless that party is indispensable under Rule 19." *Rutherford*, 605 F.3d at 490–91 (citation omitted). There is a three-step analysis under Rule 19 of the Federal Rules of Civil Procedure. First, a court determines whether the party must be joined under Rule 19(a), which provides that a party is "required" to be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If a court determines that a non-named party is required to be joined, the court must decide whether joinder is feasible or if it will destroy the diversity grounds for federal jurisdiction. If the court finds that joinder is required but not feasible, then the court proceeds to an analysis under Rule 19(b) to determine if the party is indispensable. Rule 19(b) provides four factors a court should consider when determining whether, "in equity and good conscience" the action should be dismissed:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b); *see Northern Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278–79 (10th Cir. 2012) (explaining three-step analysis).

One of the state court defendants is Doris J. Jaramillo ("Jaramillo"), whom Defendant alleges was a registered nurse and/or Director of Nursing at Taos Retirement Village during the relevant time. Doc. 5-6, ¶ 17. The parties do not dispute that Jaramillo is a resident of New Mexico. Doc. 8-1 at 9. The remaining state court defendants are business entities that Defendant alleges in his State Court Complaint have business relations and/or interest in Taos Retirement Village; their citizenships are indiscernible at this time. Doc. 5-6, ¶¶ 3–17. For reasons explained below, it is not necessary to determine each business entity's citizenship because the Court concludes that none of them are indispensable.

### 1.      Nursing Home Administrator is Neither Required nor Indispensable

Rule 19(a): The Court first addresses Defendant's argument that Jaramillo is required to be joined under Rule 19(a) because she was the director of nursing care at Taos Retirement Village. Under the Rule 19 analysis, "in the case of nursing home administrators . . . courts have held that those administrators are not necessary parties under Rule 19 when another alleged joint tortfeasor seeks to enforce arbitration." *THI of N.M. at Hobbs Ctr., LLC v. Spradlin*, 893 F. Supp. 2d 1172, 1179 (D.N.M. 2012) (Vazquez, J.) (citation omitted) (collecting cases), *aff'd*, 532 F. App'x 813 (10th Cir. 2013). The Court agrees with Plaintiff that Jaramillo is not a required party under Rule 19(a). First, this Court can render complete relief to the parties before it by ruling on arbitrability only to these parties. Fed. R. Civ. P. 19(a)(1)(A). Additionally, the Court notes that Jaramillo has not claimed an interest in the Federal Court Action. Fed. R. Civ. P. 19(a)(1)(B). In fact, Jaramillo is a party to the state court motion requesting a stay in proceedings until this Court rules on the motion to compel arbitration. Doc. 8-2. Finally, Defendant has not shown that Jaramillo's interests will be impaired by her absence in the Federal Court Action, and notably, Jaramillo was an employee of Plaintiff at the relevant times. Fed. R. Civ. P. 19(a)(1)(B)(i); *see also THI of New*

*Mexico at Vida Encantada, LLC v. Archuleta*, No. CIV. 11-0399 BB/ACT, 2012 WL 8169886, at *2 (D.N.M. Jan. 12, 2012) (Black, J.) (nursing home administrator not required party for similar reasons); *THI of New Mexico at Hobbs Ctr., LLC v. Patton*, 851 F. Supp. 2d 1281, 1288 (D.N.M. 2011) (Hansen, J.) (same).

Rule 19(b): Furthermore, even if Jaramillo was a required party under Rule 19(a), she is not indispensable under Rule 19(b). It is not apparent how, in the absence of Jaramillo claiming an interest in the Federal Action, her interests would be prejudiced. Fed. R. Civ. P. 19(b)(1), (2). Based on the requested relief by Plaintiff, the Court could render adequate judgment on the arbitrability of the state court claims involving the instant parties, and Jaramillo has a forum in state court. Fed. R. Civ. P. 19(b)(3), (4); *see also Rutherford*, 605 F.3d at 491 (administrator of nursing home not indispensable party to arbitration between nursing home and resident of nursing home). Finally, the Court notes that while an order compelling arbitration involving only the parties to the Federal Action may result in piecemeal litigation, the Court agrees with the rulings from this District that piecemeal litigation is not alone a compelling enough reason to dismiss this action in light of the FAA's favorable stance on arbitration and the considerations examined above. *See Spradlin*, 893 F. Supp. 2d at 1179; *Patton*, 851 F. Supp. 2d at 1288; *Archuleta*, 2012 U.S. Dist. LEXIS 142808 at *8.

**2.      Remaining Business Entity State Court Defendants are Neither Necessary nor Indispensable**

Moving to Defendant's claim that the business entities named in the State Court Action must be joined, Defendant has also failed to carry his burden to show that those state court defendants are required under Rule 19(a) or indispensable under Rule 19(b).

Rule 19(a): First, this Court can render complete relief to the parties before it on this issue by granting the motion to compel arbitration brought solely by Plaintiff because the Court has ruled that Plaintiff is bound by the ADR Provision. Fed. R. Civ. P. 19(a)(1)(A).

Second, none of the state court defendants have claimed an interest in the Federal Court Action. Fed. R. Civ. P. 19(a)(1)(B). Specifically, the Court notes that Mosaic Management, along with Plaintiff (Taos NM Senior Living LLC) and Jaramillo, filed the state court motion requesting a stay of state court proceedings pending resolution of the federal court action. Doc. 8-2. State court defendants Taos Senior Living Partners, LP, Taos Senior Living Managers, LLC, and Healthcap Partner, LLC, submitted a joinder in the state court motion to stay proceedings. *See* Doc. 14-1. Defendant points to the response filed in the state court docket by state court defendants TRV Operations, LLC and TRV Operations Managers, LLC ("TRV defendants"), which opposes the state court motion to stay proceedings/ to compel arbitration. Doc. 8-4. In reviewing the TRV defendants' pleading, however, those defendants object to the enforcement of the arbitration clause against them in state court because of legal issues involving whether TRV defendants are bound to arbitration through corporate relationships—they have not voiced opposition to this Court's consideration of the Motion to Compel Arbitration involving only these two parties in the Federal Court Action. *See* Doc. 8-4.[4] The remaining state court defendants have therefore not claimed an interest in this proceeding.

Finally, the Court will not speculate about the corporate relationships between the state court defendants, nor about the risk of incurring duplicative obligations or the level at which any of the business entity state court defendants' interests will be affected or impaired. Even after examining Defendant's state court complaint to support his argument that "each of the state court

---

[4]     The issue of whether state court defendants outside of the parties in this Federal Court Action are bound by the ADR Provision is not within the scope of this Court's ruling.

Defendants had a part in the ownership, operation, supervision, funding, management, and administration of the Taos Retirement Village Facility," Doc. 8-1 at 11, the complaint does not reveal any level of specificity about the interests at stake sufficient for a Rule 19 required joinder. A "high risk for 'factual and legal whipsawing'" is not sufficient here. Doc. 8-1 at 13 (quoting *Owens-Illinois Inc v. Meade*, 183 F.3d 435, 438 (4th Cir. 1999)). Defendant has failed to make any specific allegations about how the interests of the state court defendants will be practically impaired or prejudiced, and he has therefore failed to satisfy Rule 19(a).

Rule 19(b): Finally, even if the remaining state court defendants were required parties under Rule 19(a), they are not indispensable under in Rule 19(b). The Eighth Circuit has explained that "[i]n the arbitration context, to our knowledge every circuit to consider the issue has concluded that a party joined in a parallel state court contract or tort action who would destroy diversity jurisdiction is not an indispensable party under Rule 19 in a federal action to compel arbitration." *Rutherford*, 605 F.3d at 491 (collecting cases). *Rutherford* also noted that "Rule 19 did not change the long-standing rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Id.* (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990)). The Supreme Court has stated that "[t]he possibility of the plaintiff having to resolve its disputes in two forums—one in state court and one in arbitration—where one of the parties to the underlying dispute was not a party to the arbitration agreement, occurs because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983) (citation and quotation marks omitted). Defendant's lead case, *Owens-Illinois Inc v. Meade*, 183 F.3d 435 (4th Cir. 1999), is therefore contrary to the stated and repeatedly affirmed purpose of the FAA.

Finally, Plaintiff points out that any prejudice that may result from proceeding without the state court defendants "could be lessened or avoided by Defendant because he can name all of the parties he listed in the State Court Action as parties to the arbitration proceeding." Doc. 14 at 13. Defendant therefore has the ability to mitigate his potential prejudice. Fed. R. Civ. P. 19(b)(1), (2). *Accord Life Care Centers of Am., Inc. v. Estate of Blair by & through Rhoden*, No. CV 17-0249 KBM/KK, 2017 WL 3432209, at *9 (D.N.M. Aug. 9, 2017) (Molzen, J.) (ruling that arbitration clause language required state court defendants be joined under Rule 19(a) but finding they were not indispensable under Rule 19(b) for similar reasons).

### D. This Court Properly Sits in Diversity

This Court therefore limits its determination of whether diversity jurisdiction exists to the named parties in this proceeding. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Mr. Trujillo was a New Mexico citizen at the time of his death. Doc. 5, ¶ 7; Doc. 7, ¶ 7. An L.L.C. "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C.*, 781 F.3d 1233, 1234 (10th Cir. 2015). After Plaintiff amended its Complaint upon Order of the Court (*see* Docs. 1, 4, 5), the Court can now determine that the citizenship of Taos Retirement Village LLC is that of an Oregon resident, as its members are citizens of Oregon. Doc. 5, ¶¶ 2–5, Exs. 1–3. The parties do not dispute that the amount in controversy exceeds $75,000. Doc. 5, ¶ 8; Doc. 7,¶ 8. Thus, this Court properly sits in diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## IV. The Court Does Not Need to Abstain from Exercising Jurisdiction Pursuant to the *Colorado River* Doctrine

Defendant's final argument that this Court should abstain from exercising jurisdiction over this case is based on the doctrine applied in *Colorado River Water Conservation District v. United*

*States*, which permits a federal court to decline to exercise jurisdiction over a case "due to the presence of a concurrent state proceeding for reasons of wise judicial administration." 424 U.S. 800, 817–18 (1983). The *Colorado River* doctrine requires a court to determine, first, whether the state and federal proceedings are parallel, and second, if the suits are parallel whether exceptional circumstances warrant abstention. *Id. Colorado River* provides several factors a court must consider if it determines that the state and federal cases are parallel, as described below. As the Tenth Circuit has noted, "since 'only the clearest of justifications will warrant dismissal,' any doubt should be resolved in favor of exercising federal jurisdiction[.]" *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (quoting in part *Colorado River*, 424 U.S. at 819).

### A.     Procedural Posture

The relevant state court motion is styled as:

TAOS NM SENIOR LIVING, LLC, MOSAIC MANAGEMENT, INC., AND DORIS J. JARAMILLO'S MOTION FOR PROTECTIVE ORDER AND MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF FEDERAL ACTION TO COMPEL ARBITRATION OR IN THE ALTERNATIVE MOTION TO COMPEL ARBITRATION

Doc. 8-2 ("State Court Motion"). In the State Court Motion, the state court movants explain that their primary request is for the state court to grant a stay until the Federal Court Action is resolved. Doc. 8-2 at 4. They assert that if it is resolved in their favor, then under the New Mexico Uniform Arbitration Act, the state court defendants will move to consolidate the judicial proceedings regarding arbitration. *Id.* The state court defendants also requested a stay in all discovery and pre-trial activities in the state court proceedings because those activities would be superfluous if this Court grants the motion to compel arbitration. *Id.* at 6.

Regarding the agreement to arbitrate, the state court defendants also state

Rule 1-007.2 requires a party seeking to compel arbitration to file a motion within ten days of answering a complaint. So as not to waive their rights to enforce the

Arbitration Agreement under state law, the Mosaic Defendants ask the Court, as an alternative to staying the proceedings, to enforce the Arbitration Agreement and require Plaintiff to arbitrate his claims against them.

Doc. 8-2 at 6. In their State Court Motion, the state court defendants then briefly address the policy favoring arbitration, the binding nature of the arbitration agreement on Defendant's estate, and the scope of arbitration agreement to cover the state tort claims brought by the estate. Doc. 8-2 at 7–8. The State Court Motion was filed on September 25, 2018. A hearing on the State Court Motion is set for April 3, 2019.

Plaintiff's federal court complaint to compel arbitration was filed on September 25, 2018. Doc. 1; Amended Complaint, Doc. 5, filed 10/10/19. Plaintiff also filed a motion in Federal Court styled as "Plaintiff's Motion to Compel Arbitration" (Doc. 6) on October 15, 2018 ("Federal Court Motion"). In the Federal Court Motion, Plaintiff requests that this Court "order Defendant to submit his claims to arbitration as directed in the Arbitration Agreement, and grant such other relief as the Court deems just and proper." Doc. 6 at 10.

### B.      The State and Federal Proceedings are Not Parallel

The Tenth Circuit has explained that "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Maulding*, 16 F.3d at 1081 (citations and quotation omitted). The court should "examine the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings, resolving any doubt in favor of exercising federal jurisdiction." *Allen v. Bd. of Educ.*, 68 F.3d 401, 403 (10th Cir. 1995) (quoting *Maulding*, 16 F.3d at 1082) (quotation marks omitted).

Defendant argues that Plaintiff has squarely placed a Motion to Compel Arbitration in front of the state court, including issues of whether the arbitration agreement is enforceable, such that the same issue is therefore being litigating in both forums. Defendant contends the proceedings

are therefore parallel. Plaintiff responds that the enforceability of the arbitration agreement is "not squarely before the state court" (Doc. 14 at 17) because Plaintiff's motion in state court requests the primary relief of a stay of the state court proceedings, and alternatively, a ruling to enforce the arbitration agreement. *See* Doc. 8-2. Plaintiff relies on New Mexico State Court Rule 1-007.2, which Plaintiff claims required it to file the alternative motion to compel in state court as a rights-preserving mechanism. Doc. 14 at 18.

The Court agrees with Plaintiff that the proceedings in the state and federal forums are not parallel. It is apparent from the pleadings that the primary purpose of the state court motion is Plaintiff's request that the state court grant a stay in all pretrial and discovery proceedings, and furthermore, that the state court refrain from ruling on the motion to compel and instead allow this Court to do so. Notably, in their state court reply brief, the state court defendants request the opportunity for supplemental briefing if the state court decides not to stay the proceedings and considers the alternative motion to compel arbitration. Doc. 14-2 at 7. It is unbelievable that a movant would conclude its own motion by requesting future supplemental briefing on an issue if it thought the issue was squarely in front of a court at that time. Comparatively, the Plaintiff has fully briefed the motion to compel arbitration in front of this Court, which means this issue is squarely in this forum. *See* Doc. 6. Plaintiff also submits a demand for arbitration in the Amended Complaint. Doc. 5. The Court notes that the State Court Motion, which was filed in September 2018, is set for hearing on April 3, 2019. This implies that the arbitration issue has not been litigated in state court.

Furthermore, Plaintiff's request that the state court rule only in the alternative on the motion to compel is grounded in New Mexico State Court Rule 1-007.2, which provides

> A party seeking to compel arbitration of one or more claims shall file and serve on the other parties a motion to compel arbitration no later than ten (10) days after service of the answer or service of the last pleading directed to such claims.

N.M. Rule 1-007.2. Under the Rule, the state court movants would have waived their right to compel arbitration in state court if they failed to file such a motion within ten days of their answer to the state court complaint. If this Court were to adopt Defendant's position, then the implication would be that any time a plaintiff brings a lawsuit in New Mexico state court that might be subject to an arbitration agreement enforceable under the FAA, the parties would likely be forced to litigate the issue in state court because of Rule 1-007.2—effectively preventing the ability to litigate under the FAA in federal court if a defendant wishes to preserve his rights in New Mexico state court. While this Court is of limited jurisdiction, the *Colorado River* doctrine does not require such a broad ruling, and the Court will not rule so expansively on these facts.

### C.    The *Colorado River* Doctrine "Exceptional Circumstances" are Not Satisfied

In *Colorado River*, the Supreme Court provided a non-exhaustive list of considerations for deciding whether there are "exceptional circumstances" warranting deference to parallel state proceedings: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. 424 U.S. at 818. The Tenth Circuit has also pointed out several other factors the Supreme Court has listed, including: "the vexatious or reactive nature of either the federal or the state action; whether federal law provides the rule of decision; and the adequacy of the state court action to protect the federal plaintiff's rights." *Maulding*, 16 F.3d at 1082 (citing *Moses H. Cone*, 460 U.S. at 18–28). A court should engage in "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

In the instant matter before the Court, even if the cases were parallel in the separate forums, the balancing of these factors does not support dismissal of this action or a stay in these proceedings pending the resolution of the state proceedings.

First and second factors: The first factor is neutral because neither the state court nor the federal court has assumed jurisdiction over property. Regarding the second factor, there is no apparent reason why this federal court would be an inconvenient forum in comparison to the state court in New Mexico and the parties do not argue that it would be.

Third factor: As to the factor of "the desirability of avoiding piecemeal litigation," the Supreme Court of the United State expressly addressed this factor in *Moses H. Cone* when it stated that the possibility of arbitrating and litigating in different forums is a "misfortune" that

> is not the result of any choice between the federal and state courts; it occurs because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.

460 U.S. at 20. As the Court noted in the Rule 19 analysis, while the possibility of piecemeal litigation is not ideal, the risk of arbitrating and litigating in both state and federal forums in this case is contemplated within the FAA and the Supreme Court has acknowledged as much.

Fourth factor: The Court notes that the state motion and the federal court complaint were filed on the same day (Sept. 25, 2018), but Plaintiff points out that it attached the federal complaint to its state court motion, such that the federal complaint must have been filed first.

Other factors: None of the other factors referenced by the Supreme Court create a compelling reason to decline exercising federal jurisdiction in this matter. There is no evidence of a "vexatious or reactive" nature of either proceeding. Federal law provides adequate guidance about enforcing the arbitration agreement under the FAA. Finally, the protection of the federal

court plaintiff's rights in state court weighs neutrally because there is no evidence that either forum could not protect these rights.

## CONCLUSION

For the reasons stated above, this Court properly sits in diversity jurisdiction over Plaintiff's Amended Complaint to Compel Arbitration (Doc. 5) and dismissal of Plaintiff's complaint under Rule12(b) is not warranted. The Court notes that the parties' pleadings on this Motion to Dismiss are intertwined with Plaintiff's Motion to Compel Arbitration (Doc. 6), but Defendant did not file a response on the merits to the Motion to Compel Arbitration. Contrary to Plaintiff's position, it is apparent that Defendant does contest Plaintiff's demand for arbitration, despite not filing a response brief. As the Court now rules only on the grounds presented in the Motion to Dismiss, the parties are hereby ordered to complete briefing on the Motion to Compel Arbitration (Doc. 6), as detailed below.

**THEREFORE,**

1. Defendant's Motion to Dismiss (Doc. 8) is **DENIED** for the above stated reasons.

2. **Defendant** is **ORDERED** <u>to file a response brief to Plaintiff's Motion to Compel Arbitration (Doc. 6)</u> within **FOURTEEN (14) DAYS** of the filing of this Order. In its response brief, Defendant shall raise any and all arguments it wishes to address on the merits of Plaintiff's Motion to Compel Arbitration. Any arguments that Defendant raised in his Motion to Dismiss that went to the merits of Plaintiff's Motion to Compel Arbitration are denied without prejudice to re-raising them in Defendant's response brief.

3. **Plaintiff** is **ORDERED** <u>to file a reply brief to Defendant's response to Plaintiff's Motion to Compel Arbitration</u> within **FOURTEEN (14) DAYS** of the filing of Defendant's brief.

4. Plaintiff's currently filed reply brief (Doc. 17) on its Motion to Compel Arbitration is **STRICKEN** without prejudice to re-raising the same issues in its new reply brief.

5. No discovery is ordered at this time.

**IT IS SO ORDERED.**

CHIEF UNITED STATES DISTRICT JUDGE